THE EXECUTORS OF OLIVER P. WOODFORD, deceased,

*v.*

RACHEL ANN WOODFORD et al.

Under a will, in which the testator says that he is informed that by the laws of the state concerning a wife's right of dower, she is entitled to the possession of one-third of his personal estate, and a life interest, to the extent of one-third, in his real estate, and confirming such rights unto his widow, the widow will take one-third of his personal estate absolutely.

On final hearing on bill and answer.

For the complainants, *Mr. Charles D. Thompson.*

For the widow, *Mr. Henry C. Hunt.*

For the legatees, *Mr. John W. Herbert, Jr.,* and *Mr. J. O. H. Pitney.*

VAN FLEET, V. C.

The court is asked, in this case, to construe the will of Oliver P. Woodford, deceased, and to declare the extent of the rights which his widow acquired thereunder in his personal estate. But two clauses need consideration.    The first appears in his

will, which was executed on the 24th of October, 1877, and reads as follows :

"Next, in regard to my wife Rachel Ann. Being informed that, by the laws of New Jersey, concerning the wife's right of dower, the same provide for her the possession of one-third of my personal estate, and a life interest, to the extent of one-third, in my real estate; now, therefore, after the deduction, equitably provided below, my executors are directed to fulfill the aforesaid provisions of the state of New Jersey, and in case of any failure of law, I confirm them to her. But, from the amount that would be payable to her, must be deducted, with interest, such sums as were loaned to her, or have been paid to her."

The second is found in a codicil which was added on the 22d of October, 1885, nearly eight years after the execution of his will, and is in these words :

"I hereby revoke that part of my will declaring that there should be deducted, with interest, from the portion of my estate that would be paid to my wife, such sums as were loaned to her or paid to her."

The testator died in August, 1887. The value of his personal estate, as appraised, exceeds the sum of $40,000. The question upon which the legatees and the widow are at variance is whether the widow is entitled to one-third of the testator's personal estate absolutely or simply to its use during her life. The intention of the testator must, of course, control. And, in ascertaining his intention, the court must consider, not only what he has expressly said as to the extent of his widow's rights, but also what he has directed to be done. Now, it is entirely plain, I think, that he did not use the words "right of dower" in their strict technical sense, but as descriptive of a widow's right, both under the statutes of dower and of distribution. He expressly said so—that he had been informed that her rights, by the laws of New Jersey, gave her both real and personal property. And what he undoubtedly meant by this form of expression was what the law gives a widow in case of intestacy, and when her rights are controlled and measured by nothing but the law. And it is the rights, thus given by the laws of New Jersey, that he directs his excutors to fulfill to his widow, and which he confirms to her. It is true that when he comes to state what

Woodford *v.* Woodford.

he understands to be a widow's right in her husband's personal estate, he describes it as a right of possession, but, it is quite evident, that he uses the word "possession" in the sense of ownership. He meant a possession without limitation as to time. He does not say that her right to possession shall be limited in duration to her life, nor does he say that the share of his personal estate, which he directs shall go into her possession, shall, on her death, go to some other person. There is no gift over. This is generally regarded as a circumstance of significance in cases of this class.

That the testator meant that one-third of his personal estate should be paid to his widow, so that she should have the actual possession and control of it, is placed beyond all doubt or question by his direction, first, that from the amount which would be payable under his gift to her, there should be deducted a debt which she owed him; and secondly, by what he said in revoking this direction. He said, it will be remembered, that he revoked that part of his will by which he had directed that, from that part of his estate which was to be paid to his wife, there should be deducted a debt which she owed him. Both clauses unmistakably show that he meant that one-third of his personal estate should be delivered into the actual possession of his wife, and thus made subject to her complete control. This, when considered in connection with the fact that there is no gift over to take effect on the death of his widow, would seem to render it almost entirely certain that he meant his gift to his widow to vest this part of his estate in her absolutely.

This construction conforms to precedent. In *Adamson v. Ayers, 1 Hal. Ch. 349*, the question presented for judgment was, whether a gift in the following words: "It is my will that my beloved wife, Susan, have her lawful right of dower out of my estate," gave the widow such share of the testator's personal estate as she would have taken, under the statute of distribution, in case of intestacy. Chancellor Halsted held, that, as the testator had used the word "estate," instead of land, to indicate out of what his widow should take her thirds, it was manifest that he intended to give her such part of his personal estate as she

would have been entitled to if he had died intestate.   Substantially to the same effect is the decision in *Baxter* v. *Baxter, 16 Stew. Eq. 82; S. C. on appeal, 17 Stew. Eq. 298.*

In my judgment, the widow is entitled to one-third of the personal estate absolutely, but as the testator has directed that one legacy of $1,000 must be paid without deduction for dower, the amount of that legacy must first be deducted from the net amount of the personal estate before the widow's share is computed.